UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>D-4 LOLITA CHAPMAN,<br><br>    Defendant. | Case No. 16-20204<br>Honorable Laurie J. Michelson |

**ORDER DENYING EMERGENCY MOTION FOR IMMEDIATE RELEASE [211]**

Lolita Chapman was convicted and sentenced for being part of a crew, led by her brother, that robbed numerous banks and credit unions in the Eastern District of Michigan in the summer of 2016. On November 8, 2017, she pled guilty, pursuant to a Rule 11 plea agreement, to one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371. The parties agreed upon a sentencing guidelines range of 60 months. (ECF No. 100.) At the sentencing on July 17, 2018, the Court also calculated an advisory guidelines range of 60 months. And then, after carefully considering the relevant factors under 18 U.S.C. § 3553(a), and the fact that Chapman had already served 23 months in state custody for a conviction arising out of another bank robbery (that was relevant conduct), the Court imposed a sentence of 37 months in prison. (ECF No. 146.) The sentence was concurrent to Chapman's undischarged term of imprisonment on the state court conviction. (ECF No. 146.) Chapman is presently serving her sentence at the Hazelton Federal Correctional Institution in West Virginia and is scheduled to be released on March 3, 2021. Bureau of Prisons, "Find an inmate," https://www.bop.gov/inmateloc (last visited on July 21, 2020). According to Chapman, "[h]er home confinement date is November 4, 2020. (ECF No. 211, PageID.1092.)

Now before the Court is Chapman's pro se emergency motion "[r]equesting immediate release [from custody] pursuant to the 5th and 8th Amendments to the United States Constitution and based on the current public health crisis, Covid 19 pandemic." (ECF No. 211, PageID.1092, 1095.) The motion advises that another Hazelton inmate died from COVID-19, describes what Chapman believes are deficiencies in the prison's safety precautions and testing measures, and argues why her current incarceration violates the 8th Amendment. (ECF No 211.) The motion, however, does not provide a viable basis for Chapman's early release from prison.

First, the motion was filed as part of Chapman's criminal case. Any constitutional challenge to the fact, duration, or conditions of Chapman's confinement, would have to be the subject of a habeas corpus petition or complaint under 42 U.S.C. § 1983, filed in the appropriate court. *See, e.g.*, *Preiser v. Rodriguez*, 411 U.S. 475, 489. (1973).

Second, to the extent Chapman is seeking immediate release under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, that request needs to be made to the Bureau of Prisons (BOP). "The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." *United States v. Coker*, No. 14-CR-085, 2020 U.S. Dist. LEXIS 66286, at *5 (E.D. Ky. Apr. 15, 2020); *see also United States v. James*, No. 15-255, 2020 U.S. Dist. LEXIS 69973, at *5 (D. Minn. Apr. 21, 2020) ("Although the First Step Act expanded release opportunities, courts have observed that 'it is BOP—not the courts—who decides whether home detention is appropriate. . . .'" (citations omitted)). Thus, this Court does not have the authority to order Chapman released immediately to home confinement under the CARES Act. *See Coker*, U.S. Dist. LEXIS 66286, at *5; *James*, 2020 U.S. Dist. LEXIS 69973, at *5.

And finally, to the extent Chapman's motion seeks compassionate release, it is premature. "[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). As amended by the First Step Act of 2018, and upon exhaustion of administrative remedies or the lapse of 30 days from the receipt by the warden of a request for compassionate release, 18 U.S.C. § 3852(c)(1)(A)(i) allows a court to reduce an inmate's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors under § 3553(a) warrant a reduction.

The statutory exhaustion requirement is mandatory. *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). But Chapman's motion provides no information as to exhaustion. She does not indicate whether she contacted the warden to seek compassionate release or to file a motion for compassionate release on her behalf. Thus, her request is not yet properly before this Court. *Id*.

For all of these reasons, Chapman's emergency motion for immediate release from custody is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: July 23, 2020

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 23, 2020.

s/Erica Karhoff
Case Manager to the
Honorable Laurie J. Michelson
